Tammy Hussin, Esq. (Bar No. 155290)
Lemberg & Associates, LLC
6404 Merlin Drive
Carlsbad, CA 92011
Telephone (855) 301-2100 ext. 5514
thussin@lemberglaw.com

Lemberg & Associates, LLC
1100 Summer Street
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (203) 653-3424

Attorneys for Plaintiff,
Brittany Dixon

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| Brittany Dixon,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>Lexington Law Firm; and DOES 1-10, inclusive,<br><br>　　　　Defendants. | Case No.: CV13-9269 SS<br><br>**COMPLAINT FOR DAMAGES**<br>**1. VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, *ET. SEQ;***<br>**2. VIOLATION OF BUSINESS & PROFESSIONS CODE § 17200, *ET. SEQ.***<br><br>**JURY TRIAL DEMANDED** |

COMPLAINT FOR DAMAGES

For this Complaint, the Plaintiff, Brittany Dixon, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et. seq.* (the "TCPA").

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business here and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

4. The Plaintiff, Brittany Dixon (hereafter "Plaintiff"), is an adult individual residing in Los Angeles, California, and is a "person" as defined by 47 U.S.C. § 153(10).

5. Defendant, Lexington Law Firm ("Lexington"), is a Utah business entity with an address of 360 North Cutler Drive, Salt Lake City, Utah 84054, and is a "person" as defined by 47 U.S.C. § 153(10).

6. Does 1-10 (the "Agents") are individual employees and/or agents employed by Lexington and whose identities are currently unknown to the Plaintiff. One or more of the Agents may be joined as parties once their identities are disclosed through discovery.

7. Lexington at all times acted by and through one or more of the Agents.

# FACTS

8. By way of background, Plaintiff retained the services of Lexington to assist her in credit restoration.

9. Thereafter, Plaintiff was separated from her employment and could no longer afford Lexington's services.

10. Upon not receiving payment from Plaintiff, Lexington began placing calls to Plaintiff in an effort to continue its relationship with Plaintiff.

11. Lexington's calls to Plaintiff were made to her on her cellular telephone and Lexington placed the calls by using an automated telephone dialer system and/or by using an artificial or prerecorded voice ("Automated Calls").

12. When Plaintiff answered the Automated Calls, Lexington used a pre-recorded voice instructing Plaintiff to wait on the line to be connected to the next available representative.

13. The Automated Calls were delivered at an annoying and harassing rate, sometimes calling many times throughout each day and on an almost daily basis.

14. Plaintiff spoke to Lexington representatives a numbers of times in an effort to stop the calls. Plaintiff advised Lexington that she had lost her job and was unable to pay Lexington for its services, and directed Lexington to stop the calls.

15. Despite being instructed by Plaintiff on multiple occasions not to call, Lexington nonetheless continued to barrage Plaintiff with Automated Calls at the annoying and harassing rate as aforementioned.

## COUNT I
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT – 47 U.S.C. § 227, *ET SEQ.*

16. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

17. Without consent, Lexington called Plaintiff on her cellular telephone using an automated telephone dialing system and by using an automated voice, in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

18. Lexington ignored Plaintiff's multiple requests to stop the Automated Calls and knew it had no consent from Plaintiff to continue the calls. As such, each call placed to Plaintiff was made in knowing and/or willful violation of the TCPA, and subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

19. The telephone number called by Lexington was assigned to a cellular telephone service for which Plaintiff incurs charges for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

20. The calls from Lexington to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

21. Lexington's telephone system has the capacity to store numbers in a random and sequential manner.

## COUNT II
## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

22. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

23. The Restatement of Torts, Second, § 652B defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

24. California further recognizes the Plaintiff's right to be free from invasions of privacy, thus the Defendants violated California state law.

25. The Defendants intentionally intruded upon Plaintiff's right to privacy by continually harassing Plaintiff with the above referenced telephone calls.

26. The telephone calls made by the Defendants to Plaintiff were so persistent and repeated with such frequency as to be considered, "hounding the plaintiff," and, "a substantial burden to her existence," thus satisfying the Restatement of Torts, Second, § 652B requirement for an invasion of privacy.

27. The conduct of the Defendants in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

28. As a result of the intrusions and invasions, the Plaintiff is entitled to actual damages in an amount to be determined at trial from the Defendants.

29. All acts of the Defendants and its agents were committed with malice, intent, wantonness, and recklessness, and as such, the Defendants are subject to punitive damages.

## COUNT III
## VIOLATION OF BUSINESS AND PROFESSIONS CODE SECTION 17200 *ET. SEQ.*

30. The Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

31. Lexington engaged in repeated instances of unlawful activity and unfair business practices as prohibited by Business and Professions Code sections 17200, *et seq*. ("hereinafter "B&P Code").

32. A business practice is "unlawful" if it violates an underlying state or federal statute or common law. Lexington is in violation of the B&P Code by violating the TCPA.

33. By violating the TCPA, Plaintiff's right to privacy was repeatedly invaded, causing injury thereby.

**PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff prays that judgment be entered against the Defendants:

A. As a result of each call made in negligent violation of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

B. As a result of each call made in knowing and/or willful violation of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

C. Costs of litigation and reasonable attorney's fees pursuant to pursuant to Cal. Civ. Code § 1021.5 for violations of the B&P Code;

D. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

DATED: December 17, 2013        TAMMY HUSSIN

By:_____
Tammy Hussin, Esq.
Lemberg & Associates, LLC
Attorney for Plaintiff, Brittany Dixon